IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JARED RAYDON-PERRY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-00834-P-BP |
| § | |
| NEIL M. ALEXANDER, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Complaint filed on May 2, 2022 under the docket entry "First MOTION to Reopen Case *4-21CV-834-P*" (ECF No. 9); a single-page document filed on May 4, 2022 under the docket entry "Amended MOTION to Amend/Correct 9 First MOTION to Reopen Case *4-21CV-834-P*" (ECF No. 10); and a single-page document also filed on May 4, 2022, under the docket entry "Amended MOTION to Amend/Correct *listed defendant*" (ECF No. 11). After liberally construing the first two pleadings as Motions seeking relief from a final judgment under Federal Rule of Civil Procedure 60(b), and after considering the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DENY** the first two Motions (ECF Nos. 9-10) and **DENY AS MOOT** the third Motion (ECF No. 11).

**I.   BACKGROUND**

Plaintiff Jared Raydon-Perry filed this employment discrimination case against Neil M. Alexander and Amazon.com Inc. on July 9, 2021. ECF No. 1. Acting *pro se*, he moved for leave to proceed *in forma pauperis*. ECF No. 2. The Court granted his motion on July 12, 2021 and withheld service of process pending judicial screening pursuant to 28 U.S.C. § 1915(e)(2). ECF

No. 7. Before judicial screening completed, Plaintiff filed a Notice of Dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i) on August 30, 2021. ECF No. 8. The Clerk of Court terminated the case with prejudice pursuant to Plaintiff's Notice that same day. Plaintiff now attempts to reopen the case and proceed against Amazon, but not Neil M. Alexander. *See* ECF Nos. 9-11.

## II.   LEGAL STANDARD

When a party moves to reopen a final judgment, the Court considers the motion as a request to amend or alter a judgment under Federal Rule of Civil Procedure 59(e) or as a motion for relief from a judgment under Federal Rule of Civil Procedure 60(b), "based on when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). If the motion is filed within twenty-eight days of the entry of the judgment, the court considers it under Federal Rule 59(e). *Id.* If filed later than twenty-eight days, the motion is viewed as one seeking relief from the judgment under Rule 60(b). *Id.*

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). The six enumerated reasons listed under Rule 60(b) include "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; "fraud . . . , misrepresentation, or misconduct by an opposing party"; a void judgment; a judgment that has been "satisfied, released, or discharged" or "is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; and "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Rule 60(b)(3) "targets judgments that were 'unfairly obtained,' not those that are 'factually incorrect.'" *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 418 (5th Cir. 2018) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005)). To prevail, the moving party must present clear and convincing evidence that (1) "the adverse party engaged in fraud or other misconduct" and (2) "this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling*, 396 F.3d at 641. Rule 60(b)(6) "is a catchall provision that allows a court to grant relief 'from a final judgment, order, or proceeding' for 'any other reason that justifies relief.'" *In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017) (quoting Fed. R. Civ. P. 60(b)(6)). It "extends relief only in extraordinary circumstances." *Nat'l City Golf Fin.*, 899 F.3d at 419 (quoting *Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002)

### III. ANALYSIS

Because Plaintiff moves to reopen this case more than twenty-eight days after the August 30, 2021 date of entry of the final judgment, the Court construes his request as a motion under Rule 60(b). Judge Pittman should deny Plaintiff's request, however, because Plaintiff has offered no explanation for why he now wishes to reopen the case. His first Motion (ECF No. 9) is simply a refiling of his original complaint and attachments. *Compare* ECF No. 1, *with* ECF No. 9. His second Motion (ECF No. 10) mentions an agreement he signed when he left Amazon and includes a statement that Amazon "misrepresented the facts of the case in order to gain advantage over me." ECF No. 9.

However, neither of Plaintiff's Motions present any facts showing clear and convincing evidence of Amazon's fraud or misconduct that would permit relief under Rule 60(b)(3), nor has Plaintiff offered any reason why the Court should reopen the case under any other provision of Rule 60(b)(1)-(5). Moreover, Plaintiff has made no showing of any extraordinary circumstances

that would justify relief under Rule 60(b)(6). Plaintiff simply appears to want to resurrect a case that he voluntarily dismissed with prejudice almost a year ago, but the law does not permit the Court to reopen a final judgment in the complete absence of reasons set out in Rule 60(b).

## IV.     CONCLUSION

Because Plaintiff offers no facts to justify his Motions and has not explained why he is entitled to relief from the final judgment he voluntarily sought, with prejudice, when he filed his Notice of Dismissal, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DENY** Plaintiff's first and second Motions (ECF Nos. 9-10) and **DENY AS MOOT** his third Motion (ECF No. 11).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on July 6, 2022.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE